## C. Edgar Wallace, Appellee, v. Clara Amalia Meldahl and Alice Eline T. West, Individually and as Trustees, Appellants.

### Gen. No. 22,630.   (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed November 15, 1916. Rehearing denied November 29, 1916.

### Statement of the Case.

Petition by C. Edgar Wallace against Clara Amalia Meldahl and Alice Eline T. West, respondents, both in their individual rights and as trustees, in the Superior Court of Cook county, for an interlocutory order restraining respondents from proceeding with certain other litigation in the courts of a foreign State pertaining to matters already involved in the litigation in the case in which the petition was filed. From an order granting the prayer of the petition, respondents appeal.

The petition arose out of litigation between the same parties, one branch of which was taken to the Supreme

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Court in *Meldahl v. Wallace,* 270 Ill. 220, where a detailed statement of the facts and proceedings may be found. The litigation arose over a trust deed made by the mother of respondents and of petitioner's wife, of certain real and personal property for the benefit of the daughters. Petitioner's wife having died, the main question at issue was what equitable right petitioner had in the granted property. The Supreme Court held that he had a vested right both as administrator and as heir in such property as had vested in his deceased wife, and that the trial court erred in sustaining demurrers to his bill asserting such rights and praying for a partition, and in dismissing the bill.

The petition recites that after the decision of the Supreme Court, respondent West instituted proceedings in the Circuit Court of Walworth county, Wisconsin, making respondent Meldahl a defendant, and obtained an order appointing a commissioner to divide the same property now in the custody of the Superior Court of Cook county; that the commissioner reported, in effect, that he had made such a division; that said report was approved and that said "proceeding was commenced and conducted without any notice or knowledge on the part of your petitioner and without the consent of the court."

ADOLPH L. BENNER and CHARLES E. POPE, for appellants; E. K. SMITH, of counsel.

JAMES D. WALLACE, WILLIAM H. GRUVER, WILLIAM KARR STEELE and MORSE IVES, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

Wallace v. Meldahl et al., 202 Ill. App. 97.

## Abstract of the Decision.

1. INJUNCTION, § 159*—*when jurisdiction sufficiently appears on petition for interlocutory restraining order.* In proceedings in equity to determine the rights of parties in certain real and personal property, where one of the parties seeks by interlocutory order to restrain the other parties from litigating the same questions in the courts of another State, the objection of want of jurisdiction to entertain the petition for the interlocutory order is not maintainable where it appears on appeal from orders sustaining demurrers to petitioner's bill that the Supreme Court reversed the trial court and ordered a decree entered overruling the demurrers, since such decision could only have been on the ground that the trial court had jurisdiction of the property rights claimed by petitioner.

2. INJUNCTION, § 168*—*when court has jurisdiction to restrain proceedings in foreign court.* In proceedings in equity to determine the rights of parties in certain real and personal property, where the court had jurisdiction of the property rights claimed in the proceeding, a petition by one of the parties thereto to restrain other parties from litigating the same questions in the courts of another State is maintainable where the domestic court obtained jurisdiction of the parties and property prior to that of the foreign court.

3. INJUNCTION, § 159*—*when petition for interlocutory order to restrain proceedings in foreign State sufficient.* In a proceeding in equity to determine the rights of parties in certain real and personal property, where the facts and proceedings are involved and complicated, a petition to restrain some of the parties from litigating the same questions in the courts of another State need not, to be sufficient, set up in exhaustive detail all such facts and proceedings and all that the record discloses, since the matter arises after the court has acquired jurisdiction, and is only ancillary to the main issue, in which case the court will take judicial notice of all which the record discloses, and in such case very little is required in the way of a petition or pleading.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.